UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK C. DOUGLAS,<br><br>                              Petitioner,<br><br>v.<br><br>RICK HILL, Warden, et al.,<br><br>                             Respondents. | Case No.: 22-CV-884-JLS (BGS)<br><br>**ORDER DENYING PETITIONER'S REQUEST FOR LEAVE FOR DISCOVERY**<br><br>(ECF No. 29) |

      Presently before the Court is Petitioner Patrick C. Douglas' Request for Leave for Discovery ("Request," ECF No. 29).[1] In its December 5, 2023 Order ("Order," ECF No. 27), the Court denied Petitioner's First Amended Petition for a Writ of Habeas Corpus ("FAP," ECF No. 17) and issued a Certificate of Appealability as to all claims. The Clerk entered judgment on December 6. *See* ECF No. 28. One week later, the Court received the Request from Petitioner. *See* Request. The envelope filed alongside the Request indicates that Petitioner mailed the Request on December 10—after this Court entered its judgment. *See* Request at 20. Petitioner then filed a Notice of Appeal of this Court's judgment. ECF No. 30.

---

[1] All citations to the Request refer to the blue page numbers affixed to the top right corner of each page in the Court's CM/ECF system.

|   |   |
|---|---|
| 1 | A properly filed notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Edwards*, 800 F.2d 878, 883 (9th Cir. 1986) (internal quotation marks omitted) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam)).  By issuing its Order denying the FAP, this Court determined that it could resolve the FAP without resort to either an evidentiary hearing or further fact-finding.  *See generally* Order.  Because Petitioner's Request asks for leave to conduct further fact-finding, *see* Request at 1–13, it concerns aspects of the case involved in Petitioner's appeal of this Court's judgment and Order.  Accordingly, the Court lacks jurisdiction over Petitioner's Request unless an "exception[] to the rule that a notice of appeal deprives the district court of jurisdiction" applies.  *Edwards*, 800 F.2d at 883. |

A properly filed notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Edwards*, 800 F.2d 878, 883 (9th Cir. 1986) (internal quotation marks omitted) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam)).  By issuing its Order denying the FAP, this Court determined that it could resolve the FAP without resort to either an evidentiary hearing or further fact-finding.  *See generally* Order.  Because Petitioner's Request asks for leave to conduct further fact-finding, *see* Request at 1–13, it concerns aspects of the case involved in Petitioner's appeal of this Court's judgment and Order.  Accordingly, the Court lacks jurisdiction over Petitioner's Request unless an "exception[] to the rule that a notice of appeal deprives the district court of jurisdiction" applies.  *Edwards*, 800 F.2d at 883.

No such exception applies.  Though Federal Rule of Appellate Procedure 4(a)(4)(A) contemplates that a district court may exercise jurisdiction despite a notice of appeal to dispose of enumerated motions for post-judgment relief, *see United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1109 (9th Cir. 2001), a request for discovery is not an enumerated motion, *see* Fed. R. App. P. 4(a)(4)(A).  And as Petitioner's Request does not mention—let alone ask this Court to alter or issue relief from—its judgment and Order, the Court cannot construe Petitioner's Request as a request for post-judgment relief.  *See Sea Ranch Ass'n v. Cal. Coastal Zone Conservation Comm'ns*, 537 F.2d 1058, 1061 (9th Cir. 1976) (construing a motion as one brought under Rule 59 when it "requested relief which might have been granted" pursuant to said Rule).  Finally, discovery is not an ancillary matter.  *See Edwards*, 800 F.2d at 884.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Based on the above, the Court concludes that it lacks jurisdiction to entertain Petitioner's Request for Leave for Discovery (ECF No. 29) due to Petitioner's Notice of Appeal and **DENIES** the Request on that basis.

**IT IS SO ORDERED.**

Dated: January 10, 2024

Hon. Janis L. Sammartino
United States District Judge