1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    PATRICK C. DOUGLAS,                        Case No.:  22-CV-884-JLS (BGS)

12                                Petitioner,

13    v.                                         **ORDER DENYING PETITIONER'S
                                                 MOTION REQUESTING RECORDS,**
14    RICK HILL, Warden, et al.,                 **REPORTER'S TRANSCRIPT**

15                                Respondents.    (ECF No. 33)

16

17          Presently before the Court is Petitioner Patrick C. Douglas's Motion Requesting

18    Records, Reporter's Transcript ("Mot.," ECF No. 33).[1]  For the reasons set forth below,

19    the Court **DENIES** Petitioner's Motion.

20                                **BACKGROUND**

21          Petitioner is currently incarcerated at Folsom State Prison and is proceeding pro se

22    and *in forma pauperis* ("IFP") in this habeas action brought pursuant to 28 U.S.C. § 2254.

23    *See* ECF Nos. 2, 6, 17.  In its December 5, 2023 Order ("Order," ECF No. 27), the Court

24    denied Petitioner's First Amended Petition for a Writ of Habeas Corpus ("FAP," ECF

25    No. 17) and issued a Certificate of Appealability as to all claims.  The Clerk entered

26

27    _____

28    [1] All citations to the Motion refer to the blue page numbers affixed to the top right corner of each page
      in the Court's CM/ECF system.

                                              1

1    judgment on December 6.  *See* ECF No. 28.  Petitioner then filed a Notice of Appeal of

2    this Court's judgment and Order.  *See* ECF No. 30.

3        On January 8, 2024, Petitioner filed the instant, single-page Motion, requesting

4    "from the district court reporter the original papers and exhibits filed in the district court;

5    the transcripts of proceedings, if any[;] and a copy of certified copy of [sic] the docket

6    entries prepared by the district clerk."  Mot. at 1.  Petitioner indicates that "[t]he cost of the

7    transcripts is to be paid by the United States under the Criminal Justice Act" but cites no

8    other statute or caselaw to support his request.  *See id.*  Nor does Petitioner explain why he

9    needs the requested documents.  *See id.*

10                                          **LEGAL STANDARD**

11       There is no constitutional right to receive photocopies of documents free of charge.

12   *See Jones v. Franzen*, 697 F.2d 801, 803 (7th Cir. 1983) ("[B]road as the constitutional

13   concept of liberty is, it does not include the right to xerox."); *see also Sands v. Lewis*,

14   886 F.2d 1166, 1169 (9th Cir. 1989) ("[N]umerous courts have rejected

15   any constitutional right to free and unlimited photocopying."), *overruled on other grounds*

16   *by Lewis v. Casey*, 518 U.S. 343, 350 (1996).

17       Nor do litigants proceeding IFP have a statutory right to free copies of litigation-

18   related documents in most circumstances.  *See In re Richard*, 914 F.2d 1526, 1527 (6th Cir.

19   1990) (noting that 28 U.S.C. § 1915 "does not give the litigant a right to have documents

20   copied and returned to him at government expense"); *Arellano v. Blahnik*, No. 16CV2412-

21   CAB-MSB, 2020 WL 6319130, at *1 (S.D. Cal. Oct. 28, 2020).  Indeed, as a general rule,

22   "the expenditure of public funds [on behalf of an indigent litigant] is proper only when

23   authorized by Congress . . . ."  *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989)

24   (alterations in original) (quoting *United States v. MacCollom*, 426 U.S. 317, 321 (1976)).

25       In limited circumstances, however, Congress has authorized courts to order the

26   United States to bear printing, copying, and transcript-related costs for litigants.  First,

27   28 U.S.C. § 1915(c) allows a court to "direct payment by the United States of the expenses

28   of . . . printing the record on appeal in any civil or criminal case, if such printing is required

1   by the appellate court." 28 U.S.C. § 1915(c).

2      Second, 28 U.S.C. § 753(f) states that "[f]ees for transcripts . . . in habeas corpus

3 proceedings to persons allowed to sue, defend, or appeal [IFP], shall be paid by the United

4 States out of moneys appropriated for those purposes." 28 U.S.C. § 753(f). Though

5 § 753(f) requires habeas petitioners in proceedings under 28 U.S.C. § 2255 to show that

6 their "suit or appeal is not frivolous and that the transcript is needed to decide the issue

7 presented by the suit or appeal" before receiving a free transcript, § 753(f) includes no such

8 limitation for habeas petitions brought under 28 U.S.C. § 2254. *Id.*

9      Lastly, 28 U.S.C. § 2250 allows a court "before whom [a writ of habeas corpus] is

10 pending" to order certified copies of documents or parts of the record be provided, without

11 cost, to a habeas petitioner proceeding IFP. The decision as to whether to provide said

12 documents is within the discretion of the district court, which may require the petitioner to

13 make a showing of need. *See Cassidy v. United States*, 304 F. Supp. 864, 867–68 (E.D. Mo.

14 1969) ("Congress did not intend that documents should be furnished without a showing of

15 need."), *aff'd*, 428 F.2d 585 (8th Cir. 1970); *Tyler v. Cartledge*, 584 F. App'x 77, 78 (4th

16 Cir. 2014) ("[P]rovision of [copies under 28 U.S.C. § 2250] is a matter of discretion with

17 the district court before which the habeas petition is pending."); *Anderson v. Gillis*, 236 F.

18 App'x 738, 739 (3d Cir. 2007) (concluding a district court need not provide copies of

19 documents generated by the petitioner and filed by him previously).

**DISCUSSION**

21      The Court will first address Petitioner's request for original documents, then turn to

22 his request for transcripts, and finally resolve his request for certified copies of docket

23 entries.

24      First, to the extent that Petitioner asks the Court to send him original documents filed

25 in this case, the Court is unpersuaded it has the power to do so. Petitioner cites no statute

26 or authority—and the Court is unaware of any—allowing a district court to relinquish

27 original documents into the possession of a party to a case. Therefore, the Court denies

28 Petitioner's request for original documents.

3

1    Second, though 28 U.S.C. § 753(f) on its face appears to entitle Petitioner—who is

2    proceeding IFP—to transcripts of proceedings before this Court free of charge, no reported

3    hearings or proceedings occurred during this Court's resolution of the FAP. *See generally*

4    Docket. As there were no proceedings in this Court from which a transcript can be

5    produced, the Court denies Petitioner's request for transcripts as moot.

6    Third, it does not appear that either 28 U.S.C. § 2250 or 28 U.S.C. § 1915(c) allow

7    this Court to provide certified copies of the docket entries to Petitioner in this case. As this

8    Court has already denied Petitioner's FAP, *see* Order, the FAP is no longer "pending"

9    before this Court, so 28 U.S.C. § 2250 is inapposite.[2]  Similarly, 28 U.S.C. § 1915(c)

10   authorizes a court to order the government to bear the cost of providing a printed record

11   only when said record is required by the appellate court. *See* 28 U.S.C. § 1915(c);

12   *Duwenhoegger v. Miles*, No. 17-CV-1432 (PJS/TNL), 2017 WL 2799155, at *1 (D. Minn.

13   June 28, 2017) (denying a habeas petitioner's request for free copies of documents in the

14   record where "production of th[e] materials [was not] necessary" to the appellate court).

15   Here, Petitioner does not argue that the Ninth Circuit has required him to print and provide

16   a certified copy of the entire record on appeal. *See generally* Mot. And, though Ninth

17   Circuit Rule 30-1 requires parties to an appeal to file relevant excerpts of the record

18   alongside their briefs, Ninth Circuit Rule 30-1.3 exempts litigants proceeding pro se from

19   this requirement. 9th Cir. R. 30-1. As both statutes appear inapposite, the Court denies

20   Petitioner's request for certified copies of all docket entries.

21   As Petitioner has cited no authority to support his contention that he is entitled to the

22   original documents filed in this case, there are no transcripts associated with proceedings

23   before this Court, and Petitioner lacks a constitutional or statutory right to free photocopies

24

25

26

27   [2] Even if 28 U.S.C. § 2250 applies, Petitioner has not shown a specific need for a certified copy of *all* documents and parts of the record. *See Cassidy*, 304 F. Supp. at 867–68. For instance, Petitioner should already have access to documents and portions of the record that he created and filed himself, as well as

28   those provided to him by Respondents or by this Court.

1  of *all* documents in the record at this stage of the litigation, the Court **DENIES** Petitioner's

2  Motion (ECF No. 33).

3  **CONCLUSION**

4       For the foregoing reasons, the Court **DENIES** Petitioner's Motion Requesting

5  Records, Reporter's Transcript (ECF No. 33).

6       **IT IS SO ORDERED.**

7  Dated: January 19, 2024

8  Hon. Janis L. Sammartino
   United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

22-CV-884-JLS (BGS)